UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY,<br><br>                Plaintiff,<br><br>     v.<br><br>CITY OF TACOMA and CITY OF LAKEWOOD,<br><br>                Defendant. | CASE NO. 3:17-cv-05676-BHS-DWC<br><br>ORDER TO SHOW CAUSE OR AMEND COMPLAINT |

      Plaintiff Gary Casterlow-Bey, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. He alleges two City Attorneys violated a variety of his rights protected under the Constitution and other federal law when they discriminated against him in his search for adequate housing. However, Plaintiff has named only municipalities as Defendants and has not alleged that the unlawful deprivation of his rights was done pursuant to a policy of those municipalities. Therefore, having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Amended Complaint but provides

Plaintiff leave to file an amended pleading by November 9, 2017, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff is currently in the custody of the Pierce County Sheriff and is housed at the Pierce County Jail. Dkt. 6. On August 28, 2017, Plaintiff filed a § 1983 action and an Application to Proceed *In Forma Pauperis*. Dkt. 1, 6. In his complaint, he alleges that his rights were violated under the Civil Rights Act of 1964, the American with Disabilities Act of 1990, as well as the Fifth, Eighth, and Fourteenth Amendments. Dkt. 6 at 2. He states that the City Attorneys for the Cities of Tacoma and Lakewood discriminated against him when they ignored letters he sent asking for adequate housing. *Id.* at 3. As relief, he requests "a response to my plea," a "home for an elderly, disabled man," and $3 million in compensatory, punitive, and consequential damages. *Id.* at 4. On October 5, 2017, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. Dkt. 5

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an Amended Complaint.

### I. Municipal Liability

Plaintiff names the City of Tacoma and the City of Lakewood as the only two Defendants in his Complaint. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Further, municipalities may be the subject of a § 1983 claim. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, a municipality may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover, Plaintiff must show that Defendants' employees or agents acted through an official custom or policy that permits violation of Plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91.

1       Here, Plaintiff has not alleged Defendants' employees deprived him of his civil rights through an official custom or policy. Plaintiff states his rights under the Civil Rights Act of 1964, the American with Disabilities Act of 1990, as well as the Fifth, Eighth, and Fourteenth Amendments were infringed. Dkt. 6 at 2. He appears to allege the City Attorneys for Lakewood and Tacoma discriminated against him when they failed to respond to letters he sent requesting a permanent home as a senior, disabled citizen. *Id.* at 3-4. Though he does allege personal participation by the City Attorneys, he names only the Cities of Tacoma and Lakewood as Defendants. However, he does not explain how the alleged unlawful actions were in compliance with a custom or policy of either City, nor whether the Cities ratified the alleged unlawful conduct. Because he does not name the City Attorneys as Defendants and has not explained how the Cities' policies were the moving force behind the alleged constitutional violations, he has not stated a claim for which this Court can offer a remedy. *See Monell*, 436 U.S. at 690-91, 94. Therefore, the Court orders Plaintiff to show cause why the Court should not recommend dismissal of his action, or file an Amended Complaint correcting the deficiencies identified above.

## II.     Instructions to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the persons or entities who violated the right; (3) exactly what the persons or entities did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Further, if Plaintiff intends to maintain a suit against a municipality, he must additionally explain how the Cities' policies were the driving force behind the actions that allegedly deprived him of his Constitutional rights. *See Monell*, 436 U.S. at 694.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before November 9, 2017, the undersigned will recommend dismissal of this action for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915.

Dated this 10th day of October, 2017.

David W. Christel
United States Magistrate Judge